IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

MICROSOFT CORPORATION                                                    PLAINTIFF

V.                                          NO. 5:08CV0168 BSM

DELTA COMPUTER EXPERTS, LLC, an
Arkansas Limited Liability Company, d/b/a
DELTA COMPUTERS; and LLOYD A.
FRANKLIN, II, an individual and d/b/a
DELTA COMPUTERS                                                         DEFENDANTS

**ORDER**

Before the court is plaintiff's petition to recover attorneys' fees in the amount of $1,690 [Doc. No. 22], incurred as a result of the defendants refusal to comply with discovery. This petition was filed in response to the court's December 15, 2008 order granting plaintiff's motion to compel discovery and directing plaintiff to submit its fee petition.

Rule 37 of the Federal Rules of Civil Procedure provides that if a court grants a motion to compel, "the court must, . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A). District courts have discretion in awarding attorneys fees. *See Hanig v. Lee*, 415 F.3d 822, *825 (8th Cir. 2005); *Thomas v. Bakery, Confectionery & Tobacco Workers Int'l Union, Local #433*, 982 F.2d 1215, *1220 (8th Cir. 1992); *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 959 F.2d 716, *720 (8th Cir. 1992).

The starting point in determining attorney fees is the lodestar, which is calculated by

multiplying the number of hours reasonably expended by the reasonable hourly rate. *Hanig*, 415 F.3d at *825; *Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, *952 (S.D. Iowa 2005); *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, *881 (N.D. Iowa 2004). To claim entitlement to the lodestar, the applicant must submit adequate documentation of hours and should make a good faith effort to exclude from her fee request hours that are excessive, redundant, or otherwise unnecessary. *Emmenegger v. Bull Moose Tube co.*, 33 F. Supp. 2d 1127, *1137-38 (E.D. Mo. 1998). When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig*, 415 F.3d at *825.

Plaintiff's counsel has submitted an affidavit and a bill in support of her $1690 fee. These supporting documents show that lead counsel, Marie Bernarde-Miller, performed five hours of service at a rate of $250 per hour and associate counsel, Benjamin D. Brenner, performed 2.10 hours of service at a rate of $210 per hour. Miller is of counsel with the law firm of Williams & Anderson PLC and Brenner is a partner at that firm.

In assessing attorney's fees, the district court must consider the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship

with the client; and (12) awards in similar cases. *Hite*, 361 F. Supp. 2d at *952; *Sherman*, 314 F. Supp. 2d at *882 n.21. The court need not exhaustively address every factor. *Sherman*, 314 F. Supp. 2d at *882.

The court finds that the fee requested is reasonable. Plaintiff's counsel spent 7.1 hours on this matter, which is reasonable, considering a portion of that time was spent preparing for, and attending, the show cause hearing. Further, the hourly rates charged by plaintiff's counsel are reasonable for attorneys with the experience, reputation and skill of plaintiff's counsel. The court has considered and weighed the remaining factors and finds that they do not weigh against this determination.

For the reasons set forth herein, plaintiff's petition for fees is granted and defendants are ordered to pay plaintiff's fees in the amount of $1690.

IT IS SO ORDERED this 11th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE